FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

97 FEB 18 PM 3:21

U.S. DISTRICT COURT
N.D. OF ALABAMA

RONALD WILSON, ET AL., }
 }
   Plaintiffs }
 }
                               } CIVIL ACTION NO.
vs. }
 } 97-AR-0131-E
WILLETT HONDA WEST, INC., }
ET AL., }
 }
   Defendants }

ENTERED

FEB 18 1997

## MEMORANDUM OPINION

Plaintiffs, Ronald Wilson and Deitra Wilson, have filed a motion to remand the above-entitled cause to the Circuit Court of Calhoun County, Alabama, from whence it was removed to this court by defendants, Willett Honda West, Inc. and Tinita Parham, on January 16, 1997, upon the basis of alleged complete diversity of citizenship between plaintiffs and defendants. The court was already working on an opinion to accompany a *sua sponte* remand of the case when the motion to remand was filed.[1]

---

[1] This court is responsible for examining its subject matter jurisdiction, with or without a motion to remand. This court would have examined its subject matter jurisdiction with or without the pendency of a motion to remand. This is basic to the concept of federalism and its accompanying presumption in favor of state court jurisdiction. Plaintiffs do not point to either of two fatal procedural defects, namely, (1) the fact that the complaint attached to the notice of removal is incomplete in that the contract attached to the original complaint (the subject matter of the controversy) is absent, and (2) that a copy of the "process" served on Tinita Parham is missing. These are violations of 28 U.S.C. § 1446(a).

1

This removal took place one day before the jurisdictional amount for a diversity removal changed from $50,000 to $75,000. The notice of removal alleged "on information and belief" that the amount in controversy exceeds $50,000.

The notice of removal avers that the two removing defendants were served on January 14, 1997, with a copy of an amended complaint substituting Phoenix Enterprises ("Phoenix"), listed with a Georgia address, for Keith Norton, d/b/a Moonlight Recovery & Collection ("Norton"), an alleged Alabama resident, as one of the defendants. The notice of removal asserts: "Plaintiff [singular] is a resident and citizen of the State of Alabama." There are two plaintiffs, leaving the citizenship of one plaintiff undisclosed. Removing defendants allege by way of conclusion that complete diversity was created for the first time on January 14, 1997. Peculiarly, however, according to the state court file forwarded by the Clerk of the Circuit Court of Calhoun County, the alleged amendment to the complaint was never filed in the state court, and the state court did not purport to dismiss the action as against Norton, the only allegedly non-diverse defendant, until January 28, 1997, twelve (12) days after the case had been removed to this court. If this court had jurisdiction on January 28, 1997, the state court was without jurisdiction on that date. Even more peculiar, this court was asked to dismiss the action against Norton by stipulation filed by plaintiffs and Norton on January 24, 1997.

2

Without considering the matter of its own jurisdiction, this court purported to order the dismissal as against Norton.

The time for removal of a case pursuant to 28 U.S.C. § 1446(b), if it was not removable on the basis of the initial pleading, is "within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained <u>that the case is one which is or has become removable</u> ..." (emphasis supplied). The court will assume that the removing defendants received a copy of the proposed amendment on January 14, 1997, as they allege, even though the state court never received it and did not actually dismiss the action against the non-diverse defendant until January 28, 1997. The question then becomes: Is removal jurisdiction created by the receipt of a warning paper never filed, or by the actual granting of a motion of similar import making the case "one which is or has become removable"? Diversity is created not by an expression of intent but by some action to effectuate that intent. If the moment of removability was not reached until Norton was dismissed, this removal was premature. If the removal was premature because the actual dismissal of Norton was the triggering event for creating removability, and this court deems the notice of removal to have been filed in this court at the moment the case first became removable on January 28, 1997, the removing defendants have failed to allege the requisite

3

jurisdictional amount effective on January 28, 1997, namely, $75,000.

Moreover, the conclusory averment "on information and belief" that the amount in controversy exceeds $50,000 is not sufficient. This would be true whether the jurisdictional amount is $50,000 or $75,000. The burden is on the removing party to demonstrate the actual existence of the requisite amount in controversy for jurisdiction under § 1332. "Information and belief" does not meet this burden. See *Gaitor v. Peninsula & Occidental Steamship Co.*, 287 F.2d 252 (5th Cir. 1961); *Alabama v. Robinson*, 220 F. Supp. 293 (N.D. Ala. 1963); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994). In *Burns* the Eleventh Circuit held:

> The defendant can remove to federal court if he can show, <u>by a preponderance of the evidence</u>, facts supporting jurisdiction.

*Id*. at 1094 (emphasis supplied). "Information and belief" does not constitute evidence, much less a preponderance of the evidence. It has become fashionable for removing defendants to assume that a federal court of limited jurisdiction in Alabama will assume with them that any fraud case in an Alabama court means that the plaintiff is seeking an enormous sum of money. It is true, of course, that some Alabama verdicts for punitive damages have been the subject of appellate and public criticism. However, this court cannot assume jurisdiction based only upon such an assumption which, in this court's view, amounts to no more than speculation

4

and conjecture. And, after all, this case was not removed from Barbour County, where such an assumption might be less speculative.

There is yet another subject matter defect in this removal. There is another defendant, apparently not yet served, but nevertheless named in the original complaint. Assuming that Gregory Ware ("Ware") has not been served, his failure to join in the notice of removal is, of course, excused, but there is no allegation or proof by the removing defendants of the citizenship of Ware who, for aught appearing, may have been a citizen of Alabama at a time crucial to jurisdiction. The burden again is on removing defendants to demonstrate all facts essential to this court's limited jurisdiction. They have not attempted to demonstrate the citizenship of Ware at all time pertinent. For that matter, they have not alleged the citizenship of Phoenix. Residence addresses for purposes of service of process on Phoenix and Ware are not conclusive on the question of their respective citizenships for the purposes of diversity jurisdiction. A corporation like Phoenix could be incorporated in Alabama and have its principal place of business in Georgia, or vice versa.

Because plaintiffs' motion to remand is being granted by separate order, the pending motions filed by defendants in the state court will not be ruled upon, and the order erroneously entered by this court dismissing the action against Norton on January 24, 1996, will be vacated.

5

DONE this __18th__ day of February, 1997.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE